## HENRY G. DAVIS vs. LUKE GRIFFITH.

In an action upon the case for publishing a libel in which plaintiff was charged with being "a degraded scoundrel, liar and blackguard:" the defendant may prove in mitigation of damages, under the general issue plea, that the plaintiff, shortly prior to the publication of the libel complained of, charged the defendant with being guilty of false swearing in a certain cause in which the defendant had been examined as a witness.

APPEAL from *Harford* County Court.

This was an action upon the case for slander. The declaration, with the necessary inuendoes, charged the defendant (the now appellant) with publishing of, and concerning the plaintiff, (now appellee,) a certain false, scandalous, malicious, and defamatory libel, viz. "A card. There having been erroneous charges made against me by *Luke Griffith*, and first called on by me, he promised satisfaction by saying he would meet me at any place. The first appointment having been frustrated, I called on him for a second, and he refused, saying he did not wish to have any communication with me, (which message was delivered by a lady

at the door,) after having discovered I had certificates to prove what he stated to be false. Now, as he has shunned the rules that govern all honorable society, by refusing such satisfaction as one gentleman should give another, I openly and candidly avow him a paltry, infamous, scandalous, and degraded scoundrel, a liar and a blackguard. The above, from the most scrutinizing construction that can be placed on it, is a pledge of my future conduct."

The defendant pleaded not guilty, upon which issue was joined.

1. At the trial the plaintiff offered in evidence the card set forth in the declaration, dated the 1st of May, 1825, signed by the defendant; and proved that copies of the same were set up at different public places in *Harford* county, one of them by the defendant in person, prior to bringing this action; and there rested his cause.

The defendant then asked a witness produced by him, for the purpose of mitigating the damages in this action, whether or not the plaintiff, shortly prior to the publication of the papers given in evidence by the plaintiff, did charge the defendant with being guilty of false-swearing in a case in *Harford* County Court, in which the defendant had been examined as witness. To which question, for the purpose aforesaid, the plaintiff objected. And the court, [ARCHER, Ch. J., and HANSON, A. J.] being opposed in opinion on such objection, refused to permit the answer of the witness to go to the jury. The defendant excepted.

2. The defendant again, for the purpose of mitigating the damages in this action, proposed and offered to prove, that on the — of March, 1825, the defendant was examined as a witness on behalf of *Elijah Davis*, in a suit by him against the present plaintiff, in which there was a verdict against the present plaintiff; and, to prove that the defendant was so examined, offered the record and proceedings of the said cause; and then also offered to prove, that immediately after the said trial, the plaintiff charged the defendant with false swearing as witness in the aforesaid trial. Which charge

Davis *vs.* Griffith.—1832.

the defendant also offered. evidence to prove was untrue. The defendant further offered to prove by *George W. Hall,* a competent witness, that he, the witness, was present at several conversations between the plaintiff and other persons in relation to the testimony of the defendant in the trial aforesaid, in which it was, according to the impressions and belief of the witness, in substance stated by such other persons, and not contradicted by the plaintiff then present, that the publication and libel of the plaintiff by the defendant was caused by the charge aforesaid, made by the plaintiff against the defendant. To all which testimony, and any part of it, so offered on the part of the defendant, the plaintiff objected as inadmissible testimony to reduce the damages claimed in this action. And the court being divided in opinion on the admissibility of the. testimony, on the prayer of the plaintiff, refused to let such testimony go to the jury for the purpose aforesaid. The defendant excepted. . And the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, STEPHEN, and DORSEY, J.

*Gill,* for the appellant.

The question is whether the conduct of the plaintiff, provoking the libel, could not be given in evidence in mitigation of damages. It may be admitted that part of the evidence offered in the second exception was not admissible, yet, if any part was admissible, that part ought to have gone to the jury, and the court was wrong in rejecting the whole. A part of the evidence offered was, the plaintiff himself admitted, that he had provoked the libel, and that part was clearly admissible. He referred to 3 *Stark. Ev.* 1460. *Foot vs. Tracey,* 1 *Johns. Rep.* 46, 52. *Bodwell vs. Swan,* 3 *Pick. Rep.* 376. *Paddock vs. Salisbury,* 2 *Cowen,* 811. *Ross vs. Tapham,* 14 *Massa.* 275. *Alderman vs. French,* 1 *Pick. Rep.* 1.

No counsel argued for the appellee.

The court of appeals reversed the judgment of the county court, upon both exceptions, and sent the record back, with a procedendo.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**